UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA

V.   CRIMINAL ACTION NO.
   3:05CR82-J

LANNY S. BATCHELDER

**MEMORANDUM AND ORDER**

This matter is before the Court on defendant's motion to suppress and on several evidentiary questions.

**I. Motion to Suppress**

Mr. Batchelder drives a commercial dump truck. On January 13, 2005, he drove his truck to a Fort Knox Military Reservation entry checkpoint. He was directed to a "search lane," where the security guard directed him to raise his hood, open his fuel tank lid, open his glove compartment, open his doors, and exit his truck. The officer climbed into the cab and subsequently seized a partially burned marijuana cigarette from a cigarette pack in the pocket of a jacket hanging over the seat of the truck. Mr. Batchelder seeks suppression of evidence relating to the marijuana.

There are two separate questions presented, i.e., whether the stop was lawful and whether the search exceeded any lawful scope. The Court concludes that the stop did not require "reasonable suspicion" and was not subject to the security officers' unfettered discretion. Rather, it is undisputed that scores of commercial and oversized vehicles seek to enter Fort Knox each day and all are subject to the standard search procedures. Furthermore, the Court concludes

1

that the search of the cigarette pack was authorized by the officer's detecting the odor of marijuana in the truck and by the standard procedure of searching all closed containers. The motion to suppress will be denied.

## II. Prior Theft by Deception Convictions

The United States proposes to use Mr. Batchelder's "bad check" convictions for impeachment pursuant to Fed.R.Evid. 609. In support of this proposal, the government cites Kentucky authority indicating that "intent to deceive" is an element of the Kentucky offense of which defendant was convicted. The Court concludes that Kentucky's explication of its offenses establishes that these convictions were – at least as a technical matter – misdemeanors involving "dishonesty" within the meaning of Rule 609. While the Court is doubtful that the evidence truly has any significant value as "impeachment," the Court also perceives little likelihood of prejudice. If defendant elects to take the stand, the United States will be permitted to refer to the convictions and the defendant will be permitted to explain the circumstances of those offenses.

## III. Prior Marijuana Involvement

Mr. Batchelder has three previous misdemeanor marijuana convictions. The indictment charges violation of 21 U.S.C. Sec. 844(a), which makes possession of a controlled substance illegal. The statutory section sets out penalties of less than one year in prison, but further provides that if the offense occurs after conviction of two or more drug offenses, the defendant is subject to a minimum sentence of ninety days, and can be sentenced to up to three years in prison. The indictment refers explicitly to the three previous drug offenses. Defendant has moved in limine to (1) remove the references previous conviction from the indictment, (2) prohibit witnesses from referring to the previous convictions, and (3) prohibit use of the previous

convictions as impeachment if defendant testifies.

Defendant contends that the reference to the previous offenses is surplusage in the indictment and he requests the court to strike the reference. Defendant relies on <u>Almendarez-Torres v. United States</u>, 118 S.Ct. 1219 (1998) for the proposition that prior convictions are sentencing factors, not elements of the offense. The United States cites <u>United States v. Sharp</u>, 12 F.3d 605 (6th Cir. 1993) which held that facts that make a felony of what is otherwise a misdemeanor must be alleged in the indictment and proved at trial. In addition to the fact that <u>Sharp</u> predated <u>Almendarez-Torres</u>, the Court finds legal reason to reject the contention that the United States is required to charge and prove at trial the fact of the previous drug convictions.

The past eighteen months of Supreme Court caselaw has required a new look at "sentencing factors." On a few occasions since the decisions in <u>Blakely v.Washington</u>, 524 U.S. 296, 124 S.Ct. 2531 (2004) and <u>United States v. Booker</u>, 125 S.Ct. 738 (2005), this Court has denied motions to strike indictment language referring to sentencing factors as "surplusage." However, the previous arguments have concerned sentencing factors other than the fact of prior conviction. The fact of prior conviction has been regularly excluded from those factors that must be found by a jury in order to be used to enhance a sentence. See, e.g., <u>Apprendi v. New Jersey</u>, 530 U.S. 466, 490 (2000).

The Court concludes that it is unnecessary to formally strike the prior conviction language from the indictment; nonetheless, the Court also concludes that the copy of the indictment which accompanies the jurors to their deliberations should not include that language, which is relevant only as a sentencing factor. By the same token, as the fact of prior conviction is merely a sentencing factor, not an element of the offense, it is neither necessary nor

appropriate for the United States to present to the jury evidence of the prior convictions.

We turn next to the question of using the prior convictions as impeachment in the event Mr. Batchelder chooses to testify. Fed.R.Evid. 609 does not authorize impeachment by conviction of misdemeanors not involving "dishonesty." Thus, Mr. Batchelder's decision to take the stand would not in itself justify reference to the prior drug misdemeanors.

Finally, the Court must determine whether the prior marijuana convictions are admissible pursuant to Fed.R.Evid. 404(b). There is no doubt that the prejudice could be substantial and the evidence would have to be accompanied by a strong admonition to prevent its use as "character" evidence. On the other hand, the Court has also carefully considered the defendant's claim that he did not know the marijuana was in the jacket, as well as the officer's assertion that he smelled the odor of marijuana in the cab of the truck. The Court concludes that defendant's prior marijuana convictions are proper evidence under Fed.R.Evid.404(b) because they tend to show defendant's knowledge of the appearance and odor of marijuana, and the potential prejudice does not outweigh the evidentiary value.

The defendant seeks to introduce evidence of the random drug screening that is part of maintaining a Commercial Driver's License. Each of these drug tests has been negative for marijuana. Typically, of course, evidence of "prior good acts" is not admissible. The unpredictable nature of the testing schedule, however, strikes the Court as removing the proposed evidence from the typical category. The Court concludes that such evidence, like the prior drug convictions, would tend to bear on question of defendant's "knowledge" concerning the appearance and smell of marijuana.

IT IS ORDERED:

1. Defendant's motion to suppress is denied.

2. Defendant's motion in limine is denied in part and granted in part as set out in this opinion.