UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA

V.                                                         CRIMINAL ACTION NO.
                                                           3:05CR82-J
LANNY S. BATCHELDER

## INSTRUCTIONS – PART I

Members of the jury, it is now time for me to instruct you about the law that you must follow in deciding this case. I have divided my instructions into three parts. The first part concerns rules that apply in every criminal case.

The second part concerns the elements of the crime that Lanny S. Batchelder is accused of committing. Each of you will have a copy of that part of the instructions.

Finally, I will explain the rules that you must follow during your deliberations and the possible verdicts that you may return. Every part of my instructions is just as important as any other part. Do not conclude that one instruction is more important than another. Listen carefully to everything I say, and consider all the instructions together as a whole.

You have two duties as jurors. The first is to decide what the facts

are from the evidence that you saw and heard here in court. Deciding what the facts are is your job, not mind, and nothing that I have said or done during this trial should influence your decision about the facts in any way.

The second duty is to take the law as I give it to you, apply it to the facts as you decide them, and determine whether the government has proved the defendant guilty beyond a reasonable doubt. You are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. It is my job to instruct you about the law. The lawyers talk about the law during their arguments, but if what they say is different from what I say, you must follow what I say.

Perform these duties fairly. Do not let bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

As you know, Mr. Batchelder has pleaded not guilty to the crime charged in the indictment. The indictment is not any evidence at all of guilt. It is just the formal way that the government tells a defendant what crime he is accused of committing. It does not raise even a suspicion of guilt.

Instead, Mr. Batchelder starts the trial with a clean slate, with no evidence at all against him, and the law presumes that he is innocent of

all charges. This presumption of innocence stays with him unless and until the government presents evidence here in court that convinces you beyond a reasonable doubt that Batchelder is guilty as charged.

This means that Batchelder has no obligation to present any evidence at all, or to prove to you in any way that he is innocent. It is up to the government to prove his guilt.

The government must prove every element of the crime charged beyond a reasonable doubt. Proof beyond a reasonable doubt does not mean proof beyond all possible doubt. Possible doubts or doubts based purely on speculation are not reasonable doubts. A reasonable doubt is based on reason and common sense. It may arise from the evidence, the lack of evidence, or the nature of the evidence. Proof beyond a reasonable doubt means proof that is so convincing that you would not hesitate to rely and act on it in making the most important decisions in your own lives.

You must base your decision on the evidence. Do not let rumors, suspicions or anything else that you may have seen or heard outside of the courtroom influence your decision in any way.

The evidence includes only what the witnesses said while they

● were testifying and the exhibits that I allowed into evidence. Nothing else is evidence. Lawyers' statements, arguments, questions and objections are not evidence. My legal rulings, questions or comments are not evidence.

During the trial I did not let you hear the answers to some of the questions or I did not let you see some of the proposed exhibits. You must completely ignore these things. Do not speculate about what a witness might have said or what a proposed exhibit might have shown. These things are not evidence.

● You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events, and give it the weight you believe it deserves.

You may have heard the terms "direct evidence" and "circumstantial evidence." Direct evidence is something like the testimony of an eyewitness, which, if you believe it, directory proves a fact. If a witness testified that he saw it raining outside, and you believed her, that would be direct evidence that it was raining.

Circumstantial evidence is simply a chain of circumstances which prove a fact. If a witness walked in the courtroom wearing a wet raincoat, that would be circumstantial evidence that it was raining.

●

It is your job to decide how much weight to give the evidence, regardless of whether it is direct or circumstantial.  The law does not say that one type of evidence is better than the other or entitled to more weight.  You should consider all the evidence and give it the weight you believe it deserves.

Another part of your job is to decide how credible or believable each witness is.  It is up to you to decide if a witness's testimony is believable, and how much weight you think it deserves.  So long as you act reasonably and carefully in making your decisions, you are free to believe everything that a witness said, or part of it, or none of it at all.

Let me suggest some things for you to consider in evaluating each witness's testimony.

Ask yourself if the witness was able to clearly observe the events.  Sometimes even an honest witness may not have been able to see or hear what was happening and may make a mistake.

Ask yourself how good the witness's memory seemed to be.

Ask yourself if there was anything else that may have interfered with the witness's ability to perceive or remember.

Ask yourself how the witness acted while testifying.  Did the witness appear honest?  Did the witness appear to be lying?

Ask yourself if the witness has any relationship to the government or to Batchelder, or anything to gain or lose from the case.  Ask yourself

if the witness had any bias or prejudice or any reason for slanting testimony.

Ask yourself how believable the witness's testimony was in light of all the other evidence. Was the testimony supported or contradicted by other evidence that you believed? If you identify a contradiction, remember that people sometimes forget things, and that even two honest people may not describe an event the same way.

These are only some of the things you may consider in deciding how believable each witness was. You may also consider other things that shed light on the witness's believability. Use your common sense and your everyday experience in dealing with other people.

You have heard Mr. Batchelder testify. You should use the same considerations in evaluating his testimony as you use in evaluating any other witness's testimony.

Always keep in mind that whether anyone else should be prosecuted and convicted is not a proper matter for you to consider. The possible guilt of others is not a defense to a criminal charge. Your job is to decide if the government has proved this defendant guilty. Do not let the possible guilt of others influence your decision in any way.

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA

V.                                              CRIMINAL ACTION NO.
                                                      3:05CR82-J

LANNY S. BATCHELDER

## **INSTRUCTIONS – PART II**

### INSTRUCTION NUMBER 1
### ELEMENTS OF OFFENSE

Title 21, United States Code, Section 844, makes it a crime for anyone knowingly or intentionally to possess marijuana.

For you to find Mr. Batchelder guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First:* That Mr. Batchelder knowingly possessed marijuana;

*Second:* That the substance was in fact marijuana. The parties have agreed that the substance was marijuana, and you shall consider this element proven.

The word "knowingly" means that the act was done voluntarily and intentionally, not because of mistake, ignorance or accident.

## INSTRUCTION NUMBER 2
## POSSESSION

The law recognizes two kinds of possession – actual possession and constructive possession. Either one of these, if proved beyond a reasonable doubt, is sufficient to satisfy the "possession" element of the offense.

To establish actual possession, the government must prove beyond a reasonable doubt that the defendant had direct, physical control over the marijuana, and knew that he had control of it.

To establish constructive possession, the government must prove beyond a reasonable doubt that the defendant had the right to exercise physical control over the marijuana, and knew that he had this right, and that he intended to exercise physical control over the marijuana at some time, either directly or through other persons.

But understand that just being present where something is located does not equal possession, either actual or constructive. A person who merely touches or briefly handles an item that does not belong to him is not considered to have possessed that item.

- The government must prove beyond a reasonable doubt that Mr. Batchelder had possession of the marijuana, and knew that he did, for you to find him guilty of this crime.

-

-

# INSTRUCTION NUMBER 3
## "OTHER ACTS" OF DEFENDANT

You have heard testimony that Mr. Batchelder committed some prior acts other than the one charged in the indictment. The Court permitted you to hear that evidence solely as it bears, if it does, on the issue of Mr. Batchelder's knowledge, and for no other reason. You are not permitted to consider his commission of previous acts as evidence that he must have committed a similar act.

Remember that Mr. Batchelder is only on trial for the particular crime charged in the indictment, not for these other acts. Your job is limited to deciding whether the United States has proved the crime charged beyond a reasonable doubt.

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA

V.                                                                  CRIMINAL ACTION NO.
                                                                           3:05CR82-J
LANNY S. BATCHELDER

## INSTRUCTIONS – PART III

Now let me finish up by explaining some things about your deliberations in the jury room

The first thing that you should do in the jury room is choose someone to be your foreperson. This person will help to moderate and guide your discussions, and will speak for you here in court.

Now that all the evidence is in and the arguments are completed, you are free to talk about the case in the jury room. In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement. Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say. Try your best to work our differences. Do not hesitate to change your

1

mind if you are convinced that other jurors are right and that your original position was wrong.

But do not ever change your mind just because other jurors see things differently, or just to get the case over with. In the end, your vote must be exactly that – your own vote. It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say. You should feel free to speak your minds. But once you start deliberating, do not talk about the case or your deliberations to ANYONE except each other. Do not talk to the court security officer or to anyone else about your deliberations. I will send some envelopes to the jury room with you. If you have a question or message, you must write them down on a piece of paper. When the message is signed by the foreperson, place it in an envelope, seal the envelope and give the envelope to the security officer. The officer will give the envelope to me, and I will respond as soon as I can. I may have to talk with the lawyers, so it may take some time to get back to you, but I will respond.

Your verdict must be unanimous.

My instructions to you, a copy of the indictment, the verdict form, and the envelopes will be in a notebook that you will take to the jury room. When you have reached unanimous agreement as to your verdict, the foreperson will complete the verdict form, date and sign it, and notify the security officer that you are ready to return to the courtroom.